Hamilton, P. J.
The defendant in error, Martha J. Butterfield, recovered a judgment in the court below against the city of Cincinnati in an action for damages for personal injuries alleged to have been caused by a mounted police officer negligently driving his horse against her, throwing her to the ground and injuring her.
It is alleged in the petition:
“She was struck by a horse mounted and driven by and under the control of one Edward Van Dehre, at that time a member of the police force of said defendant, the City of Cincinnati. Said Edward Van Dehre was at the time acting and on duty as mounted patrolman and as such was the agent and in the employ of the defendant.”
The answer admits that Van Dehre was at the time a member of the police force of the city of Cin *396 cinnati, but denies generally the allegations of negligence and pleads contributory negligence.
In the opening statement counsel for plaintiff stated, among other things, in substance, the above-quoted allegation of the petition. At the close of the opening statement, counsel for the city moved for judgment of dismissal of the petition, for the reason that neither the opening statement nor the petition showed a cause of action against the city. The court overruled the motion, and this overruling, and the point that the judgment should have been for the defendant instead of for the plaintiff, are among the claimed grounds of error.
These points involve the question of liability of a city for acts of negligence committed by its police officers while in the discharge of their duties. In other words, Is a city, through its policemen engaged in the discharge of their duties, discharging a governmental function, or is it acting in a ministerial or proprietary capacity ? If it is discharging* a governmental function, there can be no liability on its part, otherwise an action lies. Fowler, Admr., v. City of Cleveland, 100 Ohio St., 158.
The police department derives its authority from the state. State, ex rel. Doerfler, Pros. Atty., v. Price, Atty. Genl., 101 Ohio St., 50.
The duties of a police officer are the upholding of the law, to see that the laws are obeyed; to prevent and punish infraction of the criminal laws of the state and city; and to patrol his beat for these purposes. In procuring the performance of these duties, through its police officers, the city is engaged in thq discharge of a governmental function. It is *397 the exercise of a state power. This conclusion is supported by the following cases: Bell v. City of Cincinnati, 80 Ohio St., 1; City of Cleveland v. Payne, 72 Ohio St, 347; State, ex rel., v. Price, Atty. Genl., supra; Burnell v. City of Columbus, decided by the court of appeals of Franklin county, September 29, 1920, and Peterman v. City of Youngstown, decided by the court of appeals of Mahoning county, March 25, 1921.
In this case we hold that the city through the police officer was at the time engaged in the discharge of a governmental function, and no liability attached. The trial court therefore erred in overruling the motion to dismiss and in rendering judgment for plaintiff instead of for the defendant, the city of Cincinnati.
We find no other error in the record.
Coming now to render the judgment that the lower court should have rendered, judgment will be entered here in favor of the plaintiff in error and the petition dismissed.

Judgment for plaintiff in error.

Cushing and Buchwalter, JJ., concur.